**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., | ) )  ) | CASE NO. 1:12-cv-01057 |
| Plaintiff, | ) ) | Judge: Hon. James F. Holderman |
| v. | ) ) | |
| DOES 1-37, | ) ) | [Case pending in the U.S. District Court for the Southern District of Texas, |
| Defendants. | ) ) | Case No. 4:11-CV-4430] |

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

On March 30, 2012, the Court issued an order granting in part and denying in part a consolidated motion to compel certain Internet service providers ("ISPs") to produce the identifying information of Doe Defendants and non-party joint tortfeasors. (ECF No. 23.) The Court ruled that the identities of the Doe Defendants' joint tortfeasors are not relevant to claims of copyright infringement and civil conspiracy against the Doe Defendants.[1] (*Id.* at 8.)

With total respect for the Court, Plaintiffs feel compelled to move for reconsideration of this ruling pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). The wording of the Court's opinion indicates that the Court erred by *sua sponte* overruling the relevance findings[2] of

---

[1] The relevance argument was raised by the Court *sua sponte*. Plaintiffs had no notice of the relevance argument and were not provided an opportunity to brief it. The objecting ISPs did not argue relevance in their objections or response.

[2] Order, *Pacific Century Int'l, Ltd. v. John Doe*, No 11-3479 (E.D. Ca. filed Jan 19, 2012) ("Having considered plaintiff's papers and accompanying submissions, the court hereby grants the ex parte application on the grounds that plaintiff has demonstrated good cause to take early discovery to issue the subpoenas in this case."); Order, *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476 (E.D. Ca. filed Jan. 17, 2012) ("In sum, good cause exists for expedited discovery in this matter, because plaintiff's need for discovery outweighs any prejudice to the ISPs or the unidentified potential defendants."); Order, *First Time Videos LLC v. John Doe*, No. 11-690 (E.D. Va. filed Jan. 4, 2012) (granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference after reviewing the Motion and the

its sister courts and not evaluating relevance in light of one of the three claims raised in the underlying complaints.  As the Court noted, the party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or *not relevant*." *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) (quoting *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000) (Hamilton, J.)) Under the liberal discovery principles of the Federal Rules this is a heavy burden. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In the instant action, the ISPs at most mentioned the relevance issue in passing.

Plaintiffs maintain that the identities of non-party joint tortfeasors are plainly relevant to copyright infringement claims against the Doe Defendants. As participants in the BitTorrent swarm with the Doe Defendants, the joint tortfeasors possess vital digital forensic evidence for proving the extent of—and thus the damages associated with—the Doe Defendants' unlawful reproduction and distribution of Plaintiffs' copyrighted works. With respect to civil conspiracy, the Court's summary adjudication of this claim was premature, especially where no party to this miscellaneous action argued that Plaintiffs' civil conspiracy claim was defectively pled or implausible.   Despite their disagreement with the Court, Plaintiffs do not re-argue those matters in this motion.

The purpose of this motion is to request that the Court  amend its judgment to compel the ISPs to produce the identifying information of the two party Doe Defendants. Further, Plaintiffs request the Court to amend its judgment to assess the relevance of the Plaintiffs' contributory infringement claims, which were not assessed in the original order. Plaintiffs believe that, if this

---

memorandum of law filed in connection with that motion which requested that "[t]he Court should grant this motion because Plaintiff has good cause for seeking expedited discovery and *ex parte* relief is proper under the circumstances.").

decision is appealed, it is in everyone's interest that the appellate issue be whether the Court properly applied the law to all of Plaintiffs' claims, rather than whether the case needs to be remanded because the Court did not hear some of Plaintiffs' arguments, or consider some of its claims.

## ARGUMENT

The decision of whether to grant a Rule 59(e) motion is within the sound discretion of the district court. *Wells Fargo Fin. Inc. v. Fernandez* 2001 WL 345226, *1 (S.D.N.Y. Apr. 9, 2001). A motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995). *See also*, *Sigsworth v. City of Aurora, Illinois*, 487 F.3d 506, 512 (7th Cir. 2006). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russel v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). In this matter, the Court should amend its judgment in two ways. First, the Court should compel Comcast to immediately produce the identifying information of two party Doe Defendants. Second, the Court should assess the relevancy of Plaintiffs' contributory infringement claims to avoid burdening the appellate courts with a proceeding that will simply be remanded with instructions to do the same.

**I. THE COURT SHOULD AMEND ITS JUDGMENT TO COMPEL COMCAST TO IMMEDIATELY PRODUCE THE IDENTIFYING INFORMATION OF TWO PARTY DOE DEFENDANTS**

The Court denied Plaintiff's motion to compel "with respect to the [sic] all of the subpoenas in which the plaintiffs are seeking the identity associated with non-party IP addresses." (ECF No. 23 at 11.) Plaintiff reads the Court's order as denying discovery of the

3

Case: 1:12-cv-01057 Document #: 25 Filed: 04/09/12 Page 4 of 11 PageID #:237

non-party joint tortfeasors' identities, but granting discovery of the party Doe Defendants' identities. The judgment, however, excuses compliance with the subpoenas in their entirety, and not just the portions regarding non-party joint tortfeasors. (ECF No. 23 at 11.) Plaintiff respectfully requests the Court amend its judgment to compel compliance with the subpoena insofar as the subpoena seeks identifying information associated with Doe Defendants—actual parties in the cases.

In two of the underlying actions, the party Doe Defendants are Comcast subscribers. *First Time Videos v. John Doe*, No. 11-00690 (E.D. Va. Dec. 30, 2011), ECF No. 1-1; *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476 (E.D. Cal. Dec. 30, 2011), ECF No. 1-1. To date, Comcast has refused to produce the identifying information of these Defendants, even though Comcast agrees that the Defendants are located in the district in each of the underlying actions. Immediacy of production is essential because the Plaintiffs are unable to proceed in the underlying actions without the production and have been unable, after much delay, to address the irreparable harm they are currently suffering as a result of the brazen infringement of their copyrighted works by the party Defendants. *First Time Videos v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 5 ("ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data."); *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476 (E.D. Cal. Jan. 12, 2012), ECF No. 7 at 5 (same).

II. **THE COURT SHOULD AMEND ITS JUDGMENT TO ASSESS THE RELEVANCE OF PLAINTIFFS' REQUESTED DISCOVERY TO THEIR CONTRIBUTORY INFRINGEMENT CLAIMS**

In deciding a motion to compel, a district court must consider the relevance of requested information to all of a plaintiff's claims. *See Linder v. Department of Defense*, 133 F.3d 17, 24

(D.C. Cir. 1998) ("On remand, the district court should assess the relevance of the requested information to all three of the [plaintiff's] theories.") In this case, the Court assessed the relevance of Plaintiffs' requested discovery with respect to Plaintiffs' copyright infringement and civil conspiracy claims, but did not assess relevance with respect to Plaintiffs' contributory infringement[3] claims. (ECF No. 23 at 11-14.)

The case for relevance of the joint tortfeasors' identities to Plaintiffs' contributory infringement claims is straightforward. As an initial matter, each of the courts in the underlying actions already determined that Plaintiffs' discovery requests were relevant. *Pacific Century International LTD v. Does 1-37*, No. 11-4430 (S.D. Tex. Jan. 13, 2012), ECF No. 5; *Pacific Century Int'l, LTD. v. John Doe*, No. 11-3479 (E.D. Cal. Jan. 19, 2012), ECF No. 9; *First Time Videos v. John Doe*, No. 11-00690 (E.D. Va. Jan. 9, 2012), ECF No. 8; *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476 (E.D. Cal. Jan. 17, 2012), ECF No. 9. Further, the ISPs, represented by counsel, did not make any substantive arguments on relevance. (ECF No. 13.) Principles of judicial comity and waiver would suggest that relevance is not an appropriate basis for denying Plaintiff's motion to compel. The ISPs' arguments regarding personal jurisdiction and joinder are insufficient to meet the ISPs burden for establishing lack of relevance.

If the Court elects to *sua sponte* address relevance—even through the ISPs did not do so themselves—then Plaintiffs would respond with the following: The purpose of seeking the identities of a given Doe Defendant's joint tortfeasors is, *inter alia*, to establish contributory liability against the Doe Defendant and any later-joined parties for the infringing acts of the joint

---

[3] *Pacific Century Int'l, Ltd. v. John Doe*, No. 11-3479, Pl.'s Am. Compl. ¶ 37-43 (E.D. Ca. filed Jan. 5, 2012); *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476, Pl.'s Am. Compl. ¶ 37-43 (E.D. Ca. filed Jan. 5, 2012); *First Times Videos LLC v. John Doe*, No. 11-690, Pl.'s Am. Compl. ¶ 38-42 (E.D. Va. filed Jan. 4, 2012).

tortfeasors. *See Sony v. Universal City Studios, Inc.,* 464 U.S. 417, 435 (1984) ("[T]he concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.") In order to prove contributory infringement against a Doe Defendant and any later-joined parties, a plaintiff must prove an underlying direct infringement by the joint tortfeasors. *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 846 (11th Cir. 1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")

  Just as it is necessary to ascertain the Doe Defendants' identities in order to prove their direct infringement, so too is it necessary to ascertain the joint tortfeasors' identities to prove their direct infringement. *Id.* Plaintiff will have no means of deposing, examining digital forensic evidence or assessing the range of possible defenses that a joint tortfeasor might raise without first knowing who he is. *See, e.g.*, *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 4 ("Further, without these identities Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from coconspirators to aid in proving liability against John Doe and any co conspirators who are later joined to this action.") This, of course, is only one of many grounds for establishing the relevance of the joint tortfeasors' identities to Plaintiff's claims. For example, a plaintiff would have no sense of the extent of damages caused by a joint tortfeasor's infringement unless it had an opportunity to examine digital forensic evidence that is in the sole possession of that individual.

  Contributory infringement is a plausible legal theory in BitTorrent-based copyright infringement cases. Courts have already ruled that using BitTorrent to commit copyright

infringement triggers contributory infringement liability. *Raw Films, Ltd. v. John Does 1-11*, No. 12cv368-WQH (NLS), 2012 WL 684763, at *2 (S.D. Cal. Mar. 2, 2012) ("Plaintiff's allegation that each defendant was willingly and knowingly a part of the 'swarm' for purposes of the infringing conduct supports Plaintiff's claim of contributory infringement."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575-MMA-NLS, 2011 WL 6934460, at *1 (S.D. Cal. Dec. 30, 2011) ("Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in addition to direct infringement under 17 U.S.C. § 501."); *Liberty Media Holdings, LLC v. Swarm of November 16, 2010, Sharing Hash File A3E6F65F2E3D672400A5908F64ED55B66A0880B8*, No. 11cv619-BTM, 2011 WL 1597495, at *3 (S.D. Cal. Apr. 26, 2011) ("Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement . . . ."). This Court may disagree with these holdings, but it is hard to imagine how a legal theory could be endorsed by several federal courts, while being deemed implausible in others.

    Finally, there are no other reasons for the Court to *sua sponte* summarily adjudicate Plaintiffs' contributory infringement claims. The Court holds that attempting to gain information about hundreds of IP address located all over the country in a single action is an improper use of court processes. It is not clear why this is true under the circumstances of the underlying actions. A Doe Defendant who engages in contributory infringement with respect to hundreds of individuals all over the United States deserves to be held liable for each of his wrongful acts, not just the ones occurring in his district. To hold otherwise would be to impose an artificial cap on the damages that copyright holders may seek against serial infringers. There are certainly no due process concerns at play. Unless named as parties, the joint tortfeasors will never be subject to the jurisdiction of a distant court or otherwise be forced to litigate Plaintiffs' claims.

"Courts have long held that in patent, trademark, literary property and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs., Pty. Ltd.,* 647 F.2d 200, 207 (D.C. Cir. 1981). Since joint tortfeasors are jointly and severally liable, the victim of copyright infringement may sue as many or as few of the alleged wrongdoers as he chooses. *Id.* It is a plaintiff's prerogative to select a strategy for litigating his claims and no court should usurp this prerogative.

In the underlying actions, Plaintiffs have elected to litigate their claims by isolating serial infringers and seeking to impose joint and several liability against these infringers and any later-joined parties. The Court is skeptical of Plaintiffs' motives, but an individual would be hard pressed to isolate a single instance where identifying discovery gathered in a similarly structured case was misused by one of the Plaintiffs. Further, the courts in the underlying actions are capable of entering protective orders to prevent such misuse and imposing sanctions if any such misuse occurs.

The Court's concession to the copyright holders is no concession at all. The Court proposes that copyright holder holders may simply sue doe defendants in the district where the IP addresses are located. In addition to denying copyright holders the ability to hold a serial infringer to account for his full scope of infringement, this method is also an invitation for abuse by the ISPs. The Court identities IP address lookup tools, such as http://ip-address-lookup-v4.com/, as a means for prospective plaintiffs to determine the location of an IP address. A recent objection letter from one the ISPs in this action demonstrates how the Court's proposal is already being abused.

8

Specifically, plaintiff Pacific Century International, Ltd. sued IP address 74.195.54.120 in the Southern District of Texas. The IP address lookup tool mentioned by the Court places the IP address in Abeline, Texas. On April 3, 2012, Plaintiff received an objection letter from Suddenlink's counsel objecting on the grounds that the subscriber actually lives in Washington, Louisiana. Suddenlink Objection Letter [attached hereto as Exhibit "B"] at 2. Suddenlink's counsel informed Plaintiff's counsel that "I do not think Judge Holderman would necessarily reach the same conclusion as he did with the prior subpoena."

There was literally no way that Plaintiff could have determined, *a priori*, that the Suddenlink subscriber resided in Louisiana instead of Texas. All available IP address lookup tools placed the subscriber in Texas, yet the Doe Defendant is located 543 miles away—in an entirely different state, no less. The Court's ruling has thus already been interpreted in a fashion that would totally frustrate private enforcement of the Federal Copyright Act. Under Suddenlink's implementation of the Court's opinion, Federal copyright infringement litigation would devolve into a game of "Whac-a-Mole," in which a copyright owner is forced to try to use Internet tools to learn an infringer's location, but then file and dismiss suit after suit, in sequence, until it guesses the right venue to file. Such a formulation is not reasonable, given that ISPs can easily identify to copyright owners the location of an infringing IP address. The idea of being able to pinpoint the physical location of an IP address is logical in theory, but in practice it leaves copyright holders with the prospect of having to file multiple separate actions just to find out where a subscriber is.

While the prospect of multiple filing fees per infringement might have certain benefits in these times of austerity, it does not seem equitable for the court to factor in those fees when deciding a discovery motion. Plaintiffs believe it likely that the loss of tax revenues from digital

9

piracy far outweighs the loss from refraining to impose multiple filing fees on a given copyright holder.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully requests that the Court reconsider its Order, amend its judgment to compel the ISPs to produce the identifying information of the two party Doe Defendants, amend its judgment to assess the relevance of the Plaintiffs' contributory infringement claims, and grant any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully submitted,

PACIFIC CENTURY INTERNATIONAL, LTD

**DATED: April 9, 2012**

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Petitioners*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on April 9, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


        By: /s/ Paul A. Duffy
          PAUL A. DUFFY, ESQ.