**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PACIFIC CENTURY INTERNATIONAL,
LTD.,

       *Plaintiff*,

v.

DOES 1 – 37,

       *Defendants.*

No. 12 C 1057

(Consolidated with 12 C 1080, 12 C
1083, 12 C 1085, 12 C 1086, 12 C
1088)

Judge Holderman
Magistrate Judge Kim

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

Third-Parties Comcast Cable Communications, LLC ("Comcast") and Cequel III

Communications II, LLC, d/b/a Suddenlink Communications and Cebridge Communications

(collectively "Suddenlink") hereby submit this Memorandum in Opposition to the Motion to

Alter or Amend Judgment ("Motion") filed by Pacific Century International, Ltd. and the other

consolidated plaintiffs (collectively "Pacific Century").[1]

## I.      PRELIMINARY STATEMENT

Plaintiffs cannot resurrect their motion to compel discovery in five nearly identical

consolidated actions where this Court has ruled, correctly, that to do so would constitute an

undue burden because the discovery sought is "not reasonably calculated to lead to the discovery

of evidence relevant to the pending claims." (Dkt. 23, Order at 9). The Court's March 30, 2012,

---

[1] Pacific Century filed its Motion on April 9, 2012 (Dkt. 25). By Minute Order dated April 13,
2012, the Court directed Comcast and Suddenlink to file their Opposition on or before April 30,
2012.

Order granted Plaintiffs' motion in part and denied it in part by quashing subpoenas issued in five consolidated cases and requiring Suddenlink's compliance in one with respect to a subpoena seeking identification of only one IP address. Plaintiffs now move the Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e), but their motion must be denied for the following reasons:

*First*, Plaintiffs fail to identify a manifest error of law requiring the Court to amend its judgment pursuant to Rule 59(e). Instead, Plaintiffs argue, without support, that the Court erroneously acted *sua sponte* by considering whether enforcement of the subject subpoenas would lead to the discovery of admissible evidence. Plaintiffs' attack on the Court's authority fails because the Court acted lawfully, within its discretion, when it determined that the five subject subpoenas subjected the ISPs to an undue burden. Fed R. Civ. P. 44(c)(3)(A)(iv); *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

*Second*, Plaintiffs assert that the Court failed to "assess the relevance of Plaintiffs' contributory infringement claims," (Dkt. 25, Mot. 2), but this is also incorrect. This Court concluded that *all* of Plaintiffs' claims – including their contributory infringement of copyright claims –are equally being used by Plaintiffs via early discovery subpoenas to uncover the identity of party and non-party IP addresses to gather information for use in other proceedings or to negotiate a settlement. Any attempt by Plaintiffs to re-litigate this finding is improper under Rule 59(e), and accordingly, must be denied. Even if the issue should be reached, it is evident that Plaintiffs have not pled the requisite elements to establish contributory infringement, let alone made allegations that would justify the large scale discovery Plaintiffs seeks in these proceedings.

*Third*, instead of serving a new subpoena properly limited to one IP address, Plaintiffs ask this Court, pursuant to Rule 59(e), to alter its judgment to compel Comcast to produce the identifying information of two party Doe defendants. The Court may clarify the intent of its judgment without granting Plaintiff's motion under Rule 59(e). Alternatively, the Court may order Comcast to provide such information by responding to new subpoenas limited to the singular IP addresses in the subject dockets without altering or amending its judgment.

## II.     ARGUMENT

### A.     Standard of Review

A court may exercise its discretion to alter or amend its judgment under Rule 59(e) only if the petitioner can present newly discovered evidence or clearly establish a manifest error of law or fact. *Obreicht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citations omitted). A Rule 59(e) motion does not permit a party "to advance arguments or theories that could and should have been made before the district court rendered a judgment … or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted). Nor is Rule 59(e) a vehicle for recycling arguments that the Court has previously rejected. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). This Court has discretionary authority over the decision to grant a Rule 59(e) motion. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiffs do not assert there is any newly discovered evidence. Accordingly, their Rule 59(e) motion must be grounded in the assertion that this Court committed a manifest error of law in its March 30, 2012, Opinion. A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606 (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D.Ill. 1997)). A manifest error of law is not

simply a repackaging of arguments already made and considered or new arguments which could have been, but were not, made.

For the foregoing reasons, Plaintiffs have failed to identify any manifest error of law that would require the Court to grant its motion to alter or amend its judgment.

**B.    Plaintiff Fails to Cite Any New Authorities That Could Not Previously Have Been Brought To The Court's Attention Despite Reasonable Diligence**

Instead of citing any new or overlooked authorities constituting a manifest error of law – as it must under Rule 59(e)'s stringent application – Plaintiffs claim that the Court should "amend its judgment to assess the relevance of the Plaintiffs' contributory infringement claims, which were not assessed in the original order." (Dkt. 25, Mot. at 2). However, instead of pointing to any instance where the Court misapplied the law with respect to determining the relevance of Plaintiff's discovery requests to its causes of action, Plaintiffs attack the Court's decision for (1) "*sua sponte* overruling the relevance findings of its sister courts," (Dkt. 25, Order at 2), and (2) considering the relevance of Plaintiffs' discovery requests "even through [sic] the ISPs did not do so themselves." (*Id.* at 5). Neither of these grounds is validly stated and neither requires the Court to alter or amend its judgment pursuant to Rule 59(e).

First, Plaintiffs' claim that "each of the courts in the underlying actions already determined that Plaintiffs' discovery requests were relevant" – and that this Court erred by declining to affirm its "sister courts" – is misleading. (Dkt. 25, Mot. 5). Plaintiffs' strategy of filing complaints in multiple jurisdictions, obtaining *ex parte* orders permitting early discovery, and then serving subpoenas in wholly different jurisdictions, is designed to maximize the opportunities to gain discovery with least resistance. As this Court is undoubtedly aware, the ISPs' first knowledge of and opportunity to object to Plaintiffs' early discovery demands only arose when Comcast and Suddenlink were served with the subject subpoenas issued by this

Court – not when the underlying courts granted early discovery..  Furthermore, Plaintiffs fail to meet the requirements of Rule 59(e) because they cite no new or overlooked authorities in support of their assertion.  This Court acted wholly within its authority to consider the ISPs' objections under Fed. R. Civ. P. 45. Indeed, under Rule 45, this Court was required to consider and rule upon the ISP's objections..  Plaintiffs' contention that the ISP's were stripped of their right to object to the subpoenas is both disingenuous and representative of the plaintiffs' goal of preventing any court from taking a hard look at the procedural problems created by these mass infringement claims.

Second, Plaintiffs' assertion that this Court somehow lacked the authority to consider, *sua sponte*, whether the information sought by Plaintiffs' subpoenas would lead to the discovery of relevant evidence is incorrect. In their brief in opposition to Plaintiffs' motion to compel, the ISPs cited *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."). (*See, e.g.,* Dkt. 13, Opp. to Mot. to Compel 5). Plaintiffs also cited Fed. R. Civ. P. 45(c)(3)(A)(iv). Discovery pertaining to individuals outside the jurisdiction and/or not subject to joinder is deemed unduly burdensome precisely because it is not relevant to any claim in the pending suits.

Even if relevancy had not been expressly raised by the ISPs, this Court has full discretion to consider the future admissibility of evidence sought by Plaintiffs' subpoenas.  Indeed, Plaintiffs acknowledge – as they must – that "[i]n deciding a motion to compel, a district court must consider the relevance of requested information to all of a plaintiffs' claims."  (Dkt. 25, Mot. 4).  On its face, Plaintiff's' wholly unsupported assertion that "[p]rinciples of judicial comity and waiver would suggest that relevance is not an appropriate basis for denying

Plaintiffs' motion to compel" (Dkt. 25, Mot. 5), is not only wrong but it does not identify a manifest error of law. Plaintiffs' disappointment that the Court did not exercise its discretion in their favor is insufficient grounds for reconsideration under Rule 59(e). *See Oto*, 224 F.3d at 606. Consequently, Plaintiff presents no cognizable ground to alter or amend the Court's judgment.

### C. Plaintiffs Have Not Shown Manifest Error In The Court's Order Granting in Part and Denying in Part the Consolidated Motion to Compel

Plaintiffs argue that the Court failed to "assess the relevance of Plaintiffs' contributory infringement claims," (Dkt. 25, Mot. 2), but this is incorrect. The Court denied Plaintiffs' discovery of the non-party IP addresses where Plaintiffs evidently "intend to either sue the individuals whose identity they uncover or, more likely, [] negotiate a settlement with those individuals." (Dkt. 23, Order 10). Plaintiff's contributory infringement claims – like its civil conspiracy claims – are equally being used by Plaintiff to uncover the identity of non-party IP addresses "'for use in proceedings other than the pending suit;'" accordingly, "'discovery properly is denied.'" (*Id.* at 10-11) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)). The issue of improper joinder is the same whether considering conspiracy or contributory infringement.[2] Plaintiffs' attempt to distinguish the Court's holding on the basis

---

[2] Indeed, as Plaintiffs informed the Court in their Consolidated Motion to Compel Compliance (Dkt. 12): "When Plaintiff [sic] receives the identifying information it will make a determination as to whether to seek leave to join some or all of the joint tortfeasors as named parties in the action and will seek to hold Doe and any other named parties joint and severally liable for the damages inflicted by the joint tortfeasors under theories of ***civil conspiracy and contributory infringement***, both of which were alleged in the complaints filed in the underlying cases." (*Id.* at 10-11 n.2) (emphasis added). Thus, the Court, in ruling on Plaintiff's motion, in the very least rejected Plaintiff's claim that the joinder issue could not be considered at this stage of the litigation explicitly as to Plaintiff's conspiracy claim and implicitly as to Plaintiff's contributory infringement claim.

that their contributory infringement claims are somehow different than its civil conspiracy claim in this regard is mistaken.

It bears noting, however, the futility of Plaintiffs' contributory infringement actions. The complaints in *Pacific Century International, Ltd., v. John Doe,* Case No. 11-CV-3479 (E.D. Cal.)[3], *Hard Drive Productions, Inc. v. John Doe,* Case No. 11-DV-3476 (E.D. Cal.)[4], and *First Time Videos LLC, v. John Doe,* Case No. 11-CV-0690 (E.D. Va.),[5] all assert counts for "Contributory Infringement."[6] The counts set forth nearly identical allegations. In the complaint of the underlying case of *Pacific Century International, Ltd., v. John Doe,* Case No. 11-CV-3479 (E.D. Cal.), the allegations are as follows:

> 38.     John Doe and his co-conspirators had knowledge that they were illegally downloading and distributing Plaintiff's Video without permission or consent.

> 39.     John Doe and his co-conspirators, with knowledge of their illegal activities, materially contributed to each other's infringing conduct.

> 40.     John Doe and his co-conspirators, each and individually, had both actual and constructive knowledge that they were engaged in an act consisting of direct infringement of Plaintiff's copyrights.

> 41.     John Doe and his co-conspirators downloaded a torrent file, opened it using a Bit Torrent client, and then entered a

---

[3] The corresponding docket numbers for the Northern District of Illinois are: 12-CV-1080 and 12-CV-1088.

[4] The corresponding docket numbers for the Northern District of Illinois is: 12-CV-1086.

[5] The corresponding docket numbers for the Northern District of Illinois are: 12-CV-1083 and 12-CV-1085.

[6] The complaint in *Pacific Century International, Ltd. vs. Does 1-37*, Case No. 4:11-CV-4430 (S.D. Texas), the underlying case in this court's docket number 12 C 1057, contains no allegations of contributory or vicarious infringement. Instead, the complaint sets forth only two counts – copyright infringement and civil conspiracy. Neither of these counts is the subject of the plaintiff's motion to alter or amend the judgment of March 30, 2012.

torrent swarm comprised of other conspirators, thereby partaking
in the illegal distributing and reproducing of Plaintiff's Video.

42.     John Doe and his co-conspirators, each and
individually, materially contributed to each other's efforts in
reproducing an illegal copy of Plaintiff's Video through the
BitTorrent file distribution method by downloading and
exchanging pieces of the Plaintiff's Video in the torrent swarm.[7]

Assuming, *arguendo*, the truth of these allegations, Plaintiffs have not stated a cognizable claim

for contributory infringement of copyright in any of the subject complaints.

A crucial element of a contributory infringement of copyright claim is an allegation that

the defendant contributed to an identifiable direct infringement of the plaintiff's copyright by a

third party.  Thus, a contributory infringement claim usually arises when a defendant is not

alleged to have committed a direct infringement at all but is alleged to have facilitated a direct

infringement by a third party.  The facts as alleged here are that *each* of the Does was a direct

infringer.  Although the allegation is that each Doe also "individually, materially contributed to

each other's efforts in reproducing an illegal copy of Plaintiff's Video . . ." (Ex. A at ¶ 42), a

comparison of the dates and times of "each Doe's" infringement varies so widely that nothing

about each such Doe's contributing to an identified third-party's infringing activity can be

reasonably drawn.  (*e.g.*, Ex. A at pp. 12-14).

The majority of cases dealing with contributory infringement deal with devices or

technologies that are alleged to facilitate infringement.  Thus, in *Sony Corp. v. University City

Studios, Inc.,* 464 U.S. 417 (1984), the device at issue was the Betamax video tape recorder. In *A

& M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001), the technology at issue was

the Napster Internet file sharing software that facilitated peer to peer downloading through

---

[7] These numbered allegations are from the complaint in *Pacific Century International, Ltd. v.
John Doe*, No. 2:11-cv-03479 (E.D. Cal.) (attached hereto as Ex. A).

directories maintained on Napster's servers. In *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005), the technology at issue was a peer-to-peer file sharing program which allowed direct downloading without the use of a server based directory. In all three cases, the issue was whether the device or technology had substantial non-infringing uses and whether the entity behind the device or technology was intentionally inducing or encouraging direct infringement.

A party cannot be found guilty of contributory infringement unless that party's conduct results in a direct infringement by another. *E.g., Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 845 (11th Cir. 1989); *Metzke v. May Dept. Stores Co.,* 878 F.Supp. 756, 760 (W.D. Pa. 1995) ("For contributory infringement to attach, there must be an underlying infringement."). In *Metzke,* the alleged direct infringement occurred outside the United States where the U.S. Copyright Act has no application. Thus, the court held that "May cannot be contributorily liable for Maru Fung's actions that occurred outside the United States."

In the present consolidated cases, the complaints are silent as to any direct infringements which resulted from a particular John Doe's conduct. Paragraph 41 above alleges that John Doe was part of a "swarm composed of other conspirators" and that "this swarm" partook in the illegal downloading and reproducing of the copyrighted video. However, the complaint does not allege that anyone downloaded the copyrighted material from the individual John Doe being sued. If Doe's involvement was limited to downloading the copyrighted video for his own use using the Bit Torrent peer-to-peer software, he himself may be guilty of direct infringement but he cannot be found guilty of contributing to any other party's act of direct infringement. Moreover, the time of the single John Doe defendant's alleged infringement in *Pacific Century International, Ltd. v. John Doe,* No. 2:11-cv-03479 (E.D. Cal.), is November 22, 2011, at

9

07:07:01. (*See* Ex. A at p. 12, for IP address 76.114.33.61). The five other Does whose

identities are sought for that same day as contributory infringers are all are listed as participating

in the "swarm" at a time two or more hours ***after*** the alleged infringement of the single Doe

defendant. Obviously, a party cannot be presumed to contribute to a direct infringement which is

already complete before the party becomes involved, on the allegations as pled.(*Id.,* at pp. 12-

14). While this Court or even the underlying Court may consider the allegations as made,

allegations that do not support the claims factually or legally may be rejected as the basis for a

requested discovery order. *See, e.g., Hard Drove Prods., Inc.v v. Does 1-55*, No. 11 C 2798,

2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (Darrah, J.) ("Hard Drive's conspiracy claim

fails because it has not pled the existence of an agreement among Does 1-55 to commit copyright

infringement.").

      In *Liberty Media Holdings, LLC v. Swarm of November 16, 2010*, 2011 WL 1597495 (S.

D. Cal. 2011), cited by plaintiffs in support of their argument that they has stated a claim for

contributory infringement, the court noted that the plaintiff in that case alleged that the

defendants were "conscious of the fact that multiple other persons derivatively downloaded the

file containing Plaintiff's Motion Picture." *Id.* at *3. There is no similar allegation in the instant

complaints. Plaintiffs have the IP addresses of the participants in the alleged swarm, but yet they

do not identify any IP addresses as derivatively downloading anything from the identified

defendants.

      In addition to the requirement that there be an actual and identifiable direct infringement

resulting from an individual defendant's conduct, the plaintiffs must also plead that the

individual defendant induced, caused or materially contributed to the infringing activity of

another and that he or she knew or had reason to know of the infringement. *Columbia Pictures*

*Indust., Inc. v. Redd Horne, Inc.* 749 F.2d 154, 160 (2d Cir. 1984); *Cable/Home Communications v. Network Productions, Inc.,* 902 F.2d 829, 845 (11th Cir. 1990). Again, an individual who uses the Bit Torrent software to download a copyrighted movie for his own personal use without a license to do so may have committed a direct infringement, but on those facts alone he or she is certainly not guilty of contributing to direct infringement by third parties, especially on other days, at other times, and in multiple jurisdictions.

What Plaintiffs are actually alleging is that an individual defendant contributed to his or her own direct infringement by being part of a swarm. This is obviously illogical. As the Court noted in *Sony*, the concept of contributory infringement of copyright is "merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another." 464 U.S. at 435. Just as someone cannot be charged with abetting a robbery without some allegation that a specific person has in fact been robbed by someone else, an individual cannot be charged with contributory infringement of copyright without an allegation that he or she knowingly induced and materially contributed to a direct copyright infringement by an identifiable entity. Necessary allegations are missing and thus the complaints fail to properly allege that the individual defendants have engaged in contributory infringement of copyright.

**D. The Court May Clarify Whether Comcast Must Produce the Identifying Information of Two Party Doe Defendants or By Allowing Plaintiff to Serve New Subpoenas**

In its Order, the Court denied Plaintiff's motion to compel with respect to "all of the subpoenas in which the plaintiffs are seeking the identity associated with non-party IP addresses," but the judgment excused compliance with the subpoenas in their entirety. (Dkt. 23, Order 11). Plaintiff asserts that the Court denied discovery only "of the non-party joint tortfeasors' identities, but grant[ed] discovery of the party Doe Defendants' identities." (Dkt. 25,

Mot. 3-4).  If the Court clarifies the Order and requires Comcast to provide Plaintiff with the party Doe Defendants' identifying information, Comcast will of course comply.[8]  The Court may do so by allowing Plaintiff to issue issuing new subpoenas to that effect in the subject dockets.

     **E.**     **Conflicting Order in the Southern District of Texas**

Suddenlink wishes to bring to the Court's attention an order that issued in one of the underlying actions.  In *Pacific Century International, LTD. v. Does 1-37*, Case 4:11-cv-04430 (S.D. Tex. Mar. 27, 2012), the underlying case in this court's docket number 12 C 1057, the court denied a Doe Defendant's Motion to Quash Subpoena and Motion to Dismiss for Improper Joinder, but granted the subscriber the right to remain anonymous until joined.  (Order attached hereto as Ex. B).  Accordingly, Suddenlink needs further instruction from this Court as producing any identifying information in response to the subpoena in Case No. 12 C 1057 may violate the Southern District of Texas order.

---

[8]  Providing such identifying information with respect to the Doe Defendants would not run afoul of the Court's concern that Plaintiffs' practice of using subpoenas to learn the identifying information of non-party IP addresses is designed to "improperly use court processes by attempting to gain information about hundreds of IP addresses located all over the country in a single action," (Dkt. 23, Order 11), and thereby "deny the federal courts additional revenue from filing fees in the suits that should be filed to obtain the information the plaintiffs desire."  (*Id.* at 11 n.15).

### III.    CONCLUSION

For the foregoing reasons, Comcast and Suddenlink respectfully request that this Court deny Plaintiff's Motion.


Dated:  April 30, 2012                    Respectfully submitted,


                                          /s/ Paul F. Stack
                                          Paul F. Stack
                                          Elizabeth L. Barbour
                                          **STACK & O'CONNOR CHARTERED**
                                          140 S. Dearborn St., Suite 411
                                          Chicago, Illinois 60603
                                          (312) 782-0690


                                          *Of counsel:*
                                          John D. Seiver
                                          Leslie G. Moylan
                                          Lisa B. Zycherman
                                          **DAVIS WRIGHT TREMAINE LLP**
                                          1919 Pennsylvania Ave., N.W., Suite 800
                                          Washington, DC 20006
                                          (202) 973-4200


                                          *Counsel for Non-Parties Comcast Cable*
                                          *Communications, LLC and Cequel III*
                                          *Communications II, LLC*