IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., | ) ) ) | CASE NO. 1:12-cv-01057 |
| Plaintiff, | ) ) | Judge: Hon. James F. Holderman |
| v. | ) ) | |
| DOES 1-37, | ) ) | [Case pending in the U.S. District Court for the Southern District of Texas, |
| Defendants. | ) ) | Case No. 4:11-CV-4430] |

## REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Pacific Century International, Ltd., joined by the consolidated plaintiffs (collectively, the "Plaintiffs") hereby submits its reply to the opposition of certain Internet service providers ("ISPs") to Plaintiffs' motion to alter or amend judgment.

### I. PRELIMINARY STATEMENT

Plaintiffs moved the Court for two amendments to the judgment entered in the March 30, 2012 Order (the "Order"). First, Plaintiffs moved the Court to compel Comcast's production of the Doe Defendants' identifying information in two of the underlying actions. The ISPs do not appear to oppose this request.

Second, Plaintiffs moved the Court to compel the ISPs' production of the joint tortfeasors' identifying information. Plaintiffs identified two separate grounds for this request. First, the ISPs waived any relevance objections they may have had. Second, the Order did not analyze the relevance of this information with respect to Plaintiffs' contributory infringement claims.

The ISPs oppose this request, and argue that the Court should ignore these important legal issues. However, as described herein, the law is clear that a court's role on a motion to compel is to assess the objections that have been raised, not those that have been waived. Further, any relevancy analysis must include analysis with respect to all of the claims in a complaint.

## II. ARGUMENT

In the following sections, Plaintiff replies to Comcast's arguments. Part A discusses the standard of review for analyzing Plaintiff's Motion to Alter or Amend Judgment. Part B argues that amendment of the Court's order is warranted because the ISPs failed to make relevance objections to Plaintiff's subpoenas. Part C argues that the ISPs' futility arguments are erroneous. Part D argues that the Court should order Comcast's production of the identifying information of the party Doe Defendants so that Plaintiff may name and serve the Defendants. Part E argues that there will be no conflict between the Order and the United States District Court for the Southern District of Texas' order.

### A. LEGAL STANDARD

The decision of whether to grant a Rule 59(e) motion is within the sound discretion of the district court. *Wells Fargo Fin. Inc. v. Fernandez* 2001 WL 345226, *1 (S.D.N.Y. Apr. 9, 2001). A motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995). *See also*, *Sigsworth v. City of Aurora, Illinois*, 487 F.3d 506, 512 (7th Cir. 2006). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russel v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

**B. AMENDMENT IS WARRANTED BECAUSE THE ISPS FAILED TO MAKE RELEVANCE OBJECTIONS TO PLAINTIFFS' SUBPOENAS**

The ISPs argue that Plaintiff failed to identify a valid basis for amending the Order. (ECF No. 29 at 4-6.) First, the ISPs argue that "Plaintiff's contention that the ISP's [sic] were stripped of their right to object to the subpoenas is both disingenuous and representative of the plaintiffs' goal of preventing any court from taking a hard look at the procedural problems created by these mass infringement claims." (*Id.* at 5.) Second, the ISPs argue that a court has full discretion to deny a motion to compel on the grounds of relevancy, even though they did not object on those grounds. Plaintiff responds to each argument, respectively. (*Id.*)

    **1. Plaintiff does not contend that the ISPs were "stripped of their right to object to the subpoenas"**

The ISPs misapprehend the reason why Plaintiffs discussed the existing discovery orders in the underlying actions. The purpose for doing so was not, as the ISPs state, to argue that these orders limit the scope of objections the ISPs may raise in response to Plaintiffs' subpoenas. (*Id.* at 4-5.) Indeed, the ISPs had every opportunity to object to the relevance of the information sought in Plaintiffs' subpoenas. Nevertheless, the ISPs chose not to do so. As a matter of law, they waived their right to raise relevancy objections. *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *11 (E.D. Mich. Dec. 10, 2008) ("[t]he failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections."); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("Rule 45(c)(2)(B) does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches").

The purpose of discussing the discovery orders in the underlying actions was simply to fortify Plaintiffs' arguments regarding relevance. Although the ISPs waived their right to object

to relevance, Plaintiffs would be remiss to ignore the issue in light of its prominence in the Order. The discovery orders in the underlying actions should have great persuasive weight with respect to the issue of relevance.

### 2. An objecting party that fails to discuss relevancy cannot possibly escape compliance with a subpoena due to lack of relevance

The ISPs argue that the Court properly excused their compliance on the grounds of relevance. (ECF No. 29.) However, as the Court noted, the party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or *not relevant.*" *Williams v. Blagojevich*, No. 05-4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) (emphasis added) (quoting *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000) (Hamilton, J.)) Under the liberal discovery principles of the Federal Rules this is a heavy burden. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The ISPs did not meet their heavy burden of showing that Plaintiffs' discovery requests were not relevant. They did not mention relevance in their objections to Plaintiffs' subpoenas or in their response to Plaintiffs' motions to compel. (*See* ECF Nos. 5-3, 12-4, 13.) The ISPs claim they argued relevance by way of a single citation in the "Legal Standard" section of their opposition to Plaintiffs' motion to compel to a footnote in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). (ECF No. 29 at 5) (citing ECF No. 13 at 5). This footnote cited by the ISPs has nothing to do with the relevance of a discovery request. *Oppenheimer,* 437 U.S. at 352 n.17 ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."). Even if it did, a mere citation to it could not plausibly carry the heavy burden of showing required in these circumstances.

Because the ISPs failed to make any showing that Plaintiffs' subpoenas sought non-relevant information or otherwise imposed an undue burden on the ISPs, there was "no way for

4

the [Court] to exercise its admittedly broad discretion." *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998). The Court "cannot assume" that a subpoena will lack relevance or otherwise impose an undue burden. *Id.* It is the objecting party's job to make this showing.

### C. THE COURT MUST ASSESS THE RELEVANCE OF THE DISCOVERY REQUESTS TO PLAINTIFFS' CONTRIBUTORY INFRINGEMENT CLAIMS

The ISPs contend that the Court already considered the relevance of the discovery information to Plaintiffs' contributory infringement claims. (ECF No. 29 at 6.) Further, the ISPs argue that Plaintiffs' contributory infringement claims are futile. Plaintiffs respond to each argument below. (*Id.* at 7.)

#### 1. Nothing in the Order indicates that the Court considered the relevance of the requested information to Plaintiffs' contributory infringement claims

The ISPs argue that the Court did in fact assess the relevance of the requested information to Plaintiffs' contributory infringement claims. (ECF No. 29 at 6.) Nowhere in the Court's order, however, does phrase "contributory infringement" actually appear. (*See generally* ECF No. 23.) The Court explicitly analyzed Plaintiff's two other counts: civil conspiracy and copyright infringement. (ECF No. 23 at 9) ("To have relevance to the actions currently pending, however, the requested discovery must bear on the *civil conspiracy* and *copyright claims* against the current John Doe defendants") (emphasis added); (*id.* at 10) ("Moreover, it appears that the claims of civil conspiracy themselves are unfounded"); (*id.*) ("the court finds that the complaints' allegations of civil conspiracy are only unjustified attempts to bolster the obtaining of irrelevant discovery about non-parties."). When the issue of relevance is properly raised by an objecting subpoena recipient, a district court must consider the relevance of requested information to all of a plaintiff's claims. *See Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) ("On remand, the district court should assess the relevance of the requested information to all three of

5

the [plaintiff's] theories.") Nothing in the Order indicates that the Court considered the relevance of the requested information to Plaintiffs' contributory infringement claims.

### 2. The ISPs' arguments regarding the "futility" of Plaintiffs' contributory infringement claims are erroneous

The ISPs argue that Plaintiffs' contributory infringement claims are futile. (ECF No. 29 at 6.) They offer six different reasons for why think this is true. (*Id.* at 6-11.) None of these arguments should stick. In response, Plaintiffs first respond to each of the six arguments. Next, Plaintiffs identify a fatal flaw with the ISPs' approach to undermining Plaintiffs' contributory infringement claims.

#### i. None of the ISPs six arguments regarding futility should stick

First, the ISPs argue that the dates and times listed in the exhibits to the underlying complaints "var[y] so widely that nothing about each such Doe's contributing to an unidentified third-party's infringing activity can be reasonably drawn." (ECF No. 29 at 8.) This argument simply misunderstands the nature of the BitTorrent protocol and the information on the exhibits to Plaintiffs' complaints. The ISPs appear to assume that the dates and times listed on the exhibits to the underlying complaints are an exhaustive summary of when a particular infringer was present in the BitTorrent swarm. (*Id.*) The times listed, however, are only a *single* date and time that Plaintiffs' agents observed infringing activity with respect to a specific IP address, *not the entire length of that IP address' presence in the BitTorrent swarm*. See e.g., *Pacific Century International, Ltd., v. John Doe,* No. 11-cv-3479 (E.D. Cal. Jan. 12, 2011), ECF No. 7-1 ¶ 28. The exhibits identify dates and times down to the second. The ISPs cannot possibly believe that an infringer downloaded an entire file in a single second. The BitTorrent protocol operates on a contribution system, which rewards individuals who remain in a swarm for up to months at a time. For the sake of clarity, the exhibits link a specific IP address with a specific date/time

6

because that is the information an ISP needs in order to associate an IP address with an individual's identity. Because IP addresses are reassigned among customers from time-to-time, it is not sufficient to merely provide an ISP with an IP address. Accurate subscriber identifications require an IP address *and* a date and time at which that IP address was assigned to their customer.

Second, the ISPs argue that the majority of cases dealing with contributory infringement deal with devices or technologies that are alleged to facilitate infringement. (ECF No. 29 at 8-9.) The weakness of this argument is apparent on its face. Taking the ISPs' assertion as true, there is nothing about this argument that would preclude a BitTorrent user from being held liable for contributory infringement.

Third, the ISPs argue that Plaintiffs' complaints are silent as to any direct infringement which resulted from a particular John Doe's conduct, specifically arguing that "the complaint does not allege that anyone downloaded the copyrighted material from the individual John Doe being sued." (*Id.* at 9.) A quick review of Plaintiffs' complaints, though, puts this argument to rest. *See, e.g.*, *First Time Videos LLC, v. William Meyer, Jr.*, No. 11-cv-0690 (E.D. Va. Jan. 4, 2012), ECF No. 3 ¶ 39 ("John Doe and his co-conspirators downloaded a torrent file associated with Plaintiff's copyrighted creative work, opened the torrent in BitTorrent software and then entered a torrent swarm to begin downloading and distributing pieces of the file amongst one another.") The ISPs attempt to attack the plausibility of this allegation by referring once again to the dates and times listed on the exhibits to the underlying complaints. Again, the dates and times on the exhibits to the underlying complaints allow the ISPs to identify the subscribers associated with infringing activity. The exhibits do not represent an exhaustive summary of when a particular infringer participated in the swarm.

Fourth, the ISPs argue that Plaintiffs do not identify any IP address as derivatively downloading anything from the named defendants. (ECF No. 29 at 10.) To the extent this allegation is necessary, Plaintiff made it. *See, e.g.*, *First Time Videos LLC, v. William Meyer, Jr.*, No. 11-cv-0690 (E.D. Va. Jan. 4, 2012), ECF No. 3 ¶ 23 ("The IP addresses associated with John doe's co-conspirators are also identified on Exhibit A."); *id.* ¶ 39 ("John Doe and his co-conspirators downloaded a torrent file associated with Plaintiff's copyrighted creative work, opened the torrent in BitTorrent software and then entered a torrent swarm to begin downloading and distributing pieces of the file amongst one another."). Plaintiff identified the IP addresses associated with John Doe and his joint tortfeasors and alleged that John Doe distributed pieces of the infringing file to those IP addresses.

Fifth, the ISPs argue that "plaintiffs must also plead that the individual defendant induced, caused or materially contributed to the infringing activity of another and that he or she knew or had reason to know of the infringement." (ECF No. 29 at 10.) Once again, a quick reference to Plaintiffs' complaints reveals the presence of such allegations. *See, e.g.*, *First Time Videos LLC, v. William Meyer, Jr.*, No. 11-cv-0690 (E.D. Va. Jan. 4, 2012), ECF No. 3 ¶ 39:

> John Doe and his co-conspirators, with knowledge that they were illegally downloading and distributing copyrighted material without permission or consent from the copyright holder, materially contributed to the infringing conduct of each other. In particular, on information and belief, John Doe and his co-conspirators downloaded a torrent file associated with Plaintiff's copyrighted creative work, opened the torrent in BitTorrent software and then entered a torrent swarm to begin downloading and distributing pieces of the file amongst one another.

Here, Plaintiff alleged that the Defendant knowingly contributed to the infringing activities of his joint tortfeasors by distributing the copyrighted work among them. *Id.*

Sixth, the ISPs argue that "Plaintiffs are actually alleging is that an individual defendant contributed to his or her own direct infringement by being part of the swarm." (ECF No. 29 at 11.) This is an illogical characterization of Plaintiffs' allegations. Plaintiff is not alleging that the defendants in the underlying actions contributed to their own direct infringements. Instead, Plaintiff is alleging that the Defendants committed direct copyright infringement and also contributed to the direct infringements of their joint tortfeasors. *See e.g.*, *Pacific Century International, Ltd., v. John Doe,* No. 11-cv-3479 (E.D. Cal. Jan. 5, 2011), ECF No. 5.

### ii. The ISPs' approach to undermining Plaintiffs' contributory infringement claims suffers from a fatal flaw

The ISPs do not attempt to argue that the requested information lacks relevance to Plaintiffs' contributory infringement claims. (*See* ECF Nos. 5-3, 12-4, 13, 29.) Instead, they make a very different argument: Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 29.) This distinction is critically important because the sufficiency of Plaintiffs' pleadings have already been thoroughly tested in the underlying actions. In each of the underlying actions Plaintiffs applied for and received leave from the courts to take discovery prior to the Rule 26(f) conference. Further, several joint tortfeasors filed motions to quash and/or dismiss in the underlying actions. *Hard Drive Productions, Inc. v. John Doe*, No. 11-3476 (E.D. Cal. 2011), ECF Nos. 10, 12; *First Time Videos LLC, v. William Meyer, Jr.*, Case No. 11-0690 (E.D. Va. 2011), ECF Nos. 9, 14-16, 19. These motions to quash have raised everything from *ad hominem* attacks to questioning the sufficiency of Plaintiffs' pleadings. The courts have consistently denied these motions. *See e.g., id.*, ECF Nos. 21, 25. Further, in one underlying action the Doe Defendant has been identified, named and served, that Defendant has declined, to date, to challenge the sufficiency of the plaintiff's pleadings. *First Time Videos LLC, v. William Meyer, Jr.*, No. 11-cv-0690 (E.D. Va. 2011). Claims similar to those raised by the ISPs have

9

already been considered and rejected by the underlying courts. The ISPs do not appear to take the position that BitTorrent-based copyright infringement could never be associated with contributory infringement claims. Nor could they, as United States District Courts have already held that misuse of the BitTorrent protocol can result in contributory infringement liability.

D. **THE COURT SHOULD ORDER COMCAST'S PRODUCTION OF THE IDENTIFYING INFORMATION OF THE PARTY DOE DEFENDANTS SO THAT PLAINTIFF MAY NAME AND SERVE A DEFENDANT**

In one of the underlying actions, the Doe Defendant was not a Comcast subscriber and Plaintiff was able to ascertain his identity. *First Time Videos LLC, v. William Meyer, Jr.*, No. 11-cv-0690 (E.D. Va. 2011). That defendant, William Meyer, Jr. has now been named and served and the underlying case is proceeding. *Id.*, ECF No. 23. In contrast, Comcast has improperly withheld the identifying information of the party Doe Defendants, notwithstanding lacking any good faith basis for doing so. Plaintiffs respectfully urge the Court to compel Comcast's compliance with that aspect of the subpoenas on an expedited basis so that the dockets of the underlying courts are not needless burdened with stagnant cases.

E. **THERE WILL BE NO CONFLICT BETWEEN THIS COURT'S ORDER AND THE TEXAS COURT'S ORDER**

The ISPs seek further instructions from the Court regarding a decision in *Pacific Century International, Ltd., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012). After the court in that case denied a movant's motion to quash and dismiss, it stated that "each of the putative Doe defendants shall be entitled to remain anonymous *in this litigation* until such time as the Court has ruled on the issues of joinder and personal jurisdiction." (*Id.* at 3) (emphasis added). This order prevents the plaintiff from naming and serving anyone in the action before the court rules on the issues of joinder and personal jurisdiction. (*Id.*) It does not excuse the ISPs from

10

compliance with Plaintiffs' subpoenas. (*See generally id.*) The legal issues of proceeding anonymously and complying with a subpoena are conceptually distinct.

## **CONCLUSION**

For the reasons described herein, the Court should reject Comcast's arguments. Comcast waived its right to raise relevance objections and, at a minimum, fails to meet its burden to show why Plaintiffs' requested information lacks relevance with respect to its contributory infringement claims.

Respectfully submitted,

PACIFIC CENTURY INTERNATIONAL, LTD

**DATED: May 14, 2012**

By: /s/ Paul Duffy
    Paul Duffy (Bar No. 6210496)
    Prenda Law Inc.
    161 N. Clark St., Suite 3200
    Chicago, IL 60601
    Telephone: (312) 880-9160
    Facsimile: (312) 893-5677
    E-mail: paduffy@wefightpiracy.com
    *Attorney for Petitioners*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


By: /s/ Paul A. Duffy
      PAUL A. DUFFY, ESQ.